**THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

RYAN EMMETT, individually and on
behalf of all others similarly situated,

                    Plaintiff,

          v.                                          Case No. 25-546

CITRIX SYSTEMS, INC. and CLOUD
SOFTWARE GROUP, INC.,

                    Defendants.

## <u>NOTICE OF REMOVAL</u>

        PLEASE TAKE NOTICE that Defendants Citrix Systems, Inc. ("Citrix") and Cloud

Software Group, Inc. ("Cloud SG") (collectively, "Citrix") hereby remove the above-captioned

action, *Emmett v. Comcast Cable Communications LLC et al.*, which is currently pending in The

Court of Common Pleas of Allegheny County, Pennsylvania, as No. GD-25-003268, to the

United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C.

§§°1332, 1441, 1446, and 1453.[1]  As grounds for removal, Citrix states as follows:

## <u>INTRODUCTION</u>

        This case is removable under 28 U.S.C. § 1441 and the Class Action Fairness Act, as

codified at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 ("CAFA").  Pursuant to CAFA, federal

---

[1] By filing this Notice of Removal, Citrix does not waive, and expressly reserves, the right to
object to the service of process, the sufficiency of process, personal jurisdiction, or venue, and
also specifically reserves the right to assert any defenses and/or objections to which it may be
entitled.  Citrix also expressly reserves all rights to challenge the Complaint (including the relief
sought therein), or any later amended complaints, on the merits, on jurisdictional, or any other
appropriate grounds.

courts have original jurisdiction over putative class actions like this one where: (1) the putative

class consists of at least 100 members (28 U.S.C. § 1332(d)(5)(B)); (2) there is minimal diversity

between the parties (28 U.S.C. § 1332(d)(2)(A)); and (3) the aggregate class-wide amount in

controversy exceeds $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2), (6)).

Based on Plaintiff's allegations (which Citrix expressly denies and intends to demonstrate are

without merit), removal here is proper because CAFA's requirements are met, no exception to

CAFA jurisdiction applies, and Citrix has timely removed.

## BACKGROUND

1.      On March 25, 2025, Plaintiff Ryan Emmett ("Plaintiff") filed the Complaint

("Compl.") against Citrix, together with Comcast Cable Communications LLC and Comcast

Corporation ("Comcast") in The Court of Common Pleas, Allegheny County, Pennsylvania. *See*

Exhibit A.

2.      Citrix was served with the Summons and Complaint on April 2, 2025.

3.      Plaintiff generally alleges that Citrix and Comcast failed to properly secure and

safeguard personally identifiable information belonging to Comcast customers, stored and

managed by Comcast on Comcast's systems. Compl. ¶¶ 3-8. Comcast experienced

unauthorized access to its systems (the "Data Breach") through a previously disclosed

vulnerability in Citrix's NetScaler product that Comcast had not yet mitigated. *Id.* Plaintiff

brings claims against Citrix for negligence, negligence *per se*, and declaratory judgment. *Id.* at

¶¶ 304-38. Plaintiff brings claims against Comcast under the Cable Communications Policy Act,

47 U.S.C. §§ 521 *et seq.* (the "Cable Act"), as well as claims for negligence, negligence *per se*,

breach of express and implied contract, unjust enrichment, and declaratory judgment. *Id.* at ¶¶

224-303, 331-38.

4.      Plaintiff purports to represent a putative "49-State Class" consisting of "[a]ll natural persons residing in the United States, excluding California[2], whose Personally Identifiable Information was compromised as a result of the Data Breach." *Id.* ¶ 209.  Plaintiff also purports to represent a "Cable Act Subclass" with respect to its Cable Act claims against Comcast only.[3]  *Id.*

5.      Plaintiff alleges that "based upon information and belief, the class consists of millions of persons whose data was compromised in the Data Breach. . . ." *Id.* ¶ 212.

6.      Plaintiff alleges that he is a resident of Allegheny County, Pennsylvania.  *Id.* ¶ 11.

7.      Plaintiff alleges that Citrix is "a Delaware corporation with its principal place of business in Fort Lauderdale, Florida, and is therefore a citizen of Florida." *Id.* ¶ 23.

8.      Plaintiff alleges that Cloud SG is "a Delaware corporation with its principal place of business in Fort Lauderdale, Florida, and is therefore a citizen of Florida." *Id.* ¶ 24.

9.      Plaintiff alleges that Comcast Corporation is "a Pennsylvania corporation with its principal place of business [in] Philadelphia, Pennsylvania." *Id.* ¶ 21.

10.      Plaintiff alleges that Comcast Cable Communications, LLC is "a Delaware limited liability company that maintains its headquarters [in] Philadelphia, Pennsylvania." *Id.* ¶ 22.

11.      As relief, Plaintiff, on behalf of himself and the putative 49-State Class and putative Cable Act Subclass, seeks (1) "actual damages, compensatory damages, statutory

---

[2] Plaintiff excludes residents of California because the same counsel for plaintiff filed an identical action in California state court, captioned *Scheirer v. Comcast Cable Communications LLC et al.*, 25CV116313 (Alameda Cnty. Super. Ct.).

[3] Although removal is satisfied under CAFA, the Cable Act is a federal statute and, as such, this Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over those claims.  *See DIRECTV, Inc. v. Rodkey*, 369 F. Supp. 2d 587, 589–90 (W.D. Pa. 2005).

damages, nominal damages, and statutory penalties"; (2) "punitive damages"; (3) "restitution and all other forms of equitable monetary relief"; (4) "declaratory and injunctive relief"; (5) "attorneys' fees and costs, and any other expense . . . [and] reimbursement for all other costs and expenses incurred in connection with the prosecution of these claims"; and (6) "pre- and post-judgment interest."  *Id.* at 99-102.

12.    Dozens of virtually identical actions, purporting to represent virtually identical putative classes, have already been transferred to and consolidated in the United States District Court for the Eastern District of Pennsylvania in front of the Honorable Judge John Milton Younge.  *See Hasson et al. v. Comcast Cable Communications, LLC, et al.*, No. 23-cv-5039-JMY (E.D. Pa.).  In those actions, which were filed originally in federal court by the same counsel as are representing Plaintiff here, the Parties have already begun discovery and briefing on Defendants' motions to dismiss.  Although the Defendants have argued in *Hasson* that those plaintiffs cannot meet the Article III standing requirements, Plaintiffs disagree and maintain federal court jurisdiction is appropriate (consistent with their filing the *Hasson* action originally in federal court).

## REMOVAL IS PROPER UNDER CAFA

13.    This Court has original jurisdiction under 28 U.S.C. §§ 1332(d) and 1453 because (1) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs"; (2) the citizenship of at least one putative class member is different from that of defendants; and (3) the putative class consists of more than 100 proposed class members.  28 U.S.C. § 1332(d).

14.    ***The Requisite Minimal Diversity Exists.***  CAFA's minimal diversity requirement is met when "any member of a class of plaintiffs is a citizen of a State different from any

defendant." 28 U.S.C. § 1331(d)(2)(A); *see Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (noting that CAFA "authorizes federal jurisdiction over class actions even in the absence of complete diversity between the parties").

15.    For purposes of diversity of citizenship, Plaintiff is a citizen of Pennsylvania. Compl. ¶ 11.

16.    For purposes of diversity of citizenship, Citrix and Cloud SG are citizens of Delaware and Florida because, as alleged in the Complaint, Citrix is "a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. . . ." (*id.* ¶ 23) and Cloud SG is "a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. . . ." (*id.* ¶ 24).

17.    The requisite diversity of citizenship is met here for at least two main reasons. First, Plaintiff and Citrix are citizens of different states. And, second, because Plaintiff pleads a putative 49-State Class composed of citizens from states different than Citrix's states of citizenship (*i.e.*, Delaware and Florida), there is diversity of citizenship between Citrix and members of the putative 49-State Class who are citizens of states other than Delaware and Florida. *Vodenichar*, 733 F.3d at 503 (citing 28 U.S.C. § 1332(d)(2)(A)). This minimal diversity is enough to satisfy the requirements of Article III and CAFA because at least one member of Plaintiff's putative 49-State Class (including Plaintiff) "is a citizen of a state different from" Citrix. *Id.*

18.    ***Plaintiff Alleges the Requisite CAFA Numerosity.*** CAFA's numerosity requirement is satisfied whenever the "number of members of all proposed plaintiff classes in the aggregate" is greater than 100. 28 U.S.C. § 1332(d)(5)(B). According to Plaintiff's own allegations, this requirement is met here.

19.     As noted, Plaintiff's putative 49-State Class is defined to include "[a]ll natural persons residing in the United States, excluding California, whose Personally Identifiable Information was compromised as a result of the Data Breach."  Compl. ¶ 209.

20.     Further, Plaintiff's putative Cable Act Subclass is defined to include "[a]ll natural persons residing in the United States, excluding California, whose Personally Identifiable Information was compromised as a result of the Data Breach, and who received Xfinity Residential Services (including Xfinity Cable Television, Xfinity TV, Xfinity Internet, and/or Xfinity Voice). *Id.*

21.     Plaintiff expressly alleges that "based upon information and belief, the class consists of millions of persons whose data was compromised in the Data Breach. . . ."  *Id.* ¶ 212. Plaintiff further notes that, "Based upon public filings, the current number of people impacted is approximately 36 million."  *Id.*

22.     Accordingly, CAFA's numerosity requirement is satisfied.

23.     ***Plaintiff's Allegations and Claims for Relief Put More than $5.0 million in Controversy.***  CAFA's amount-in-controversy requirement is satisfied when "the claims of the individual class members" when "aggregated" "exceed [] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

24.     For removal purposes, establishing the amount in controversy under CAFA requires only that a defendant provide a short and plain statement of the basis for jurisdiction— the equivalent of that required for a plaintiff filing a complaint.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  This means "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.*  A removing defendant may meet this burden simply by reiterating the factual

allegations of injuries alleged in the complaint. *Nelson v. Bank of America, NA*, 2023 WL 3569972, at *3 (E.D. Pa. May 18, 2023).

25.    While Citrix denies that Plaintiff and the putative class members are entitled to recover against it any amount and denies that certification of any class is proper, Plaintiff's allegations, requests for relief, and putative 49-State Class and putative Cable Act Subclass definitions plausibly place the amount in controversy in this case above CAFA's $5,000,000 aggregate threshold for jurisdictional purposes.  28 U.S.C. §§ 1332(d)(2), (6).

26.    As noted, Plaintiff alleges that "based upon information and belief, the class consists of millions of persons whose data was compromised in the Data Breach. . . ." *Id.* ¶ 212.

27.    Plaintiff alleges that "[a]s a direct and proximate cause of Citrix's negligence, Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and/or nominal damages. . . ." *Id.* ¶ 320.  Specifically, Plaintiff alleges that he and the putative class suffered injuries including: (1) theft of PII; (2) costs associated with detection and prevention of identity theft and unauthorized use of accounts; (3) costs associated with credit monitoring and identity theft protection services; (4) lowered credit scores resulting from fraudulent activities; (5) cost of time spent mitigating the actual and future consequences of the Data Breach; (6) imminent and certainly impending injury resulting from the potential for fraud and identity theft; (7) diminution in value of PII; (8) continued risk of exposure to hackers; and (9) emotional distress. *Id.* ¶ 319.  The value of each of these counts toward the jurisdictional threshold.  And, when the value of these alleged damages and other forms of relief are aggregated across the alleged "millions" of putative class members, the $5,000,000 amount-in-controversy requirement is easily met.

28.    Further, Plaintiff asserts negligence and other tort claims against Comcast, as well

as claims against Comcast under the Cable Act, which statute provides minimum liquidated damages of $100 a day for each day of a violation or $1,000, whichever is higher, for each putative Cable Act Subclass member.  *See* 47 U.S.C. § 551(f).  Given that Plaintiff alleges that the class numbers in the millions, the amount-in-controversy requirement is met based upon the Cable Act claim alone.

29.     In addition to these potential categories of damages, Plaintiff seeks injunctive relief in the form of an order "requiring Comcast and Citrix to each employ adequate security protocols consistent with law and industry."  *Id.* ¶ 335.  It is black letter law that the value of this relief also counts toward the jurisdictional threshold, and so provides further evidence that the threshold is met here.  *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. . . .  The value of that right is measured by the losses that will follow" if the injunction is granted and includes lost or diminished revenues.); *Barbiero v. Kaufman*, 580 F. App'x 107, 110 (3d Cir. 2014) (amount in controversy includes equitable relief sought); *Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir. 2013) ("The value of the requested injunction against Defendants . . . is part of the amount that has been put in controversy by Plaintiffs' complaint.").

30.     Finally, in addition to the amounts in controversy arising from the compensatory damages and other damages, as well as the injunctive relief Plaintiff seeks for himself and each putative class member, the amount here also includes the attorneys' fees.  Compl. at 102.  While the amount of attorneys' fees is not certain because it depends on whether Plaintiff obtains recovery and the type and amount of recovery he obtains, fees in consumer class actions can be substantial.  *E.g.*, *Montera v. Premier Nutrition Corp.*, 2023 WL 5054225, at *1 (N.D. Cal. Aug.

7, 2023) (attorneys' fees of $6,853,502); *Krakauer v. Dish Network, L.L.C.*, 2019 WL 7066834, at *1 (M.D.N.C. Dec. 23, 2019) (attorneys' fees of $20,447,600).  This Court may consider attorneys' fees as part of the amount-in-controversy.  *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 227 (3d Cir. 2019) (affirming "attorneys' fees . . . do count for CAFA's amount-in-controversy threshold").  Here, assuming Plaintiff seeks attorneys' fees equal to 20% to 25% of an aggregate award of damages, that aggregate award needs only to amount to $4.0 million to $4.2 million for CAFA's jurisdictional threshold to be met, exclusive of the value of any injunctive relief.

31.    Taking into account all of Plaintiff's many forms of potential relief, as pled in the Complaint, the total amount in controversy alleged in this matter easily surpasses the $5,000,000 jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

32.    ***No CAFA Exceptions Apply.***  Although Citrix denies that it bears the burden of showing that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3), (4), (5), and (9) are inapplicable, none apply.  Plaintiff bears the burden to establish that any of these exceptions apply and cannot meet this burden in the present case.

33.    <u>First</u>, neither the exception in 28 U.S.C. §§ 1332(d)(3) nor subsection (4) apply because less than one-third, and in no event greater than two-thirds, of the members of all proposed plaintiff classes are citizens of Pennsylvania, the state in which this lawsuit was originally filed.  28 U.S.C. §§ 1332(d)(4)(i)(I).  Plaintiff, as noted, seeks to represent a 49-State Class comprising "[a]ll natural persons residing in the United States, excluding California, whose Personally Identifiable Information was compromised as a result of the Data Breach."  *Id.* ¶ 209. Plaintiff has not alleged that Pennsylvania residents represent any greater percentage of the putative class than Pennsylvania's population relative to the other 48 states, let alone that Pennsylvania residents make up even one-third of the putative class.

34.    <u>Second</u>, the exception in 28 U.S.C. § 1332(d)(5)(A) does not apply because Citrix is not a State, State official, or other governmental entity.

35.    <u>Third</u>, the exception in 28 U.S.C. § 1332(d)(5)(B) does not apply because, as previously noted, the number of putative class members is greater than 100.

36.    <u>Finally</u>, the exception in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve claims under securities laws and does not "relate[] to the internal affairs or governance of a corporation or other form of business enterprise" or "arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized."  28 U.S.C. § 1332(d)(9)(B).

## <u>OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED</u>

37.    <u>Removal is Timely</u>.  Citrix was served with the Complaint on April 2, 2025. Removal is timely under 28 U.S.C. § 1446(b)(1) because Citrix removed the *Emmett* Action within 30 days of service of the Complaint.  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").

38.    <u>Removal to Proper Court</u>.  Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1446(a), this Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, which is the "district court" embracing the place where the action was filed.

39.    <u>Signature</u>.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in compliance with 28 U.S.C. § 1446(a).

40.    <u>Pleadings and Process</u>.  Copies of all process, pleadings, and orders served upon Citrix in the state court are attached hereto as **<u>Exhibit A</u>**, in compliance with 28 U.S.C. § 1446(a).  Pursuant to Local Rules 5.4(f) and 81.1(a), Citrix will file certified or attested copies of all records, pleadings, and docket entries in the state court within 28 days of the filing of this Notice of Removal.

41.    <u>Notice of Removal to All Adverse Parties</u>.  Attached hereto as **<u>Exhibit B</u>** is a copy of the Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel.  *See* 28 U.S.C. § 1446(d).

42.    <u>Filing Fee</u>.  Citrix has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

43.    <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

44.    <u>Consent of Other Defendants Not Required</u>.  A class action "may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b).  In any event, all Defendants consent to removal because Comcast has consented to removal.

## <u>CONCLUSION</u>

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d), and 1453, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated:  April 22, 2025                                   */s/ Colin Callahan*
                                                                Colin Callahan (Bar No. 328033)
                                                                FLANNERY GEORGALIS LLC*,*
                                                                436 Seventh Avenue
                                                                Koppers Building, Ste. 2100
                                                                Pittsburgh, PA 15219

(412) 213-4246
ccallahan@flannerygeorgalis.com

*Attorneys for Citrix Systems, Inc. and Cloud
Software Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Colin Callahan, hereby certify that on April 22, 2025, I caused the foregoing document

to be served by electronic mail and first class mail on the following:

**<u>Counsel for Plaintiff</u>**:

Gary F. Lynch
Connor P. Hayes
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
gary@lcllp.com
connorh@lcllp.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 5800
Philadelphia, PA 19106
cschaffer@lfsblaw.com

James A. Francis
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
jfrancis@consumerlawfirm.com

Norman E. Siegel
Stefon J. David
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com
david@stuevesiegel.com

**<u>Counsel for Comcast</u>**

Paul Bond
**HOLLAND & KNIGHT LLP**
1650 Market Street, Suite 3300
Philadelphia, PA 19103
paul.bond@hklaw.com

/s/ *Colin Callahan*
Colin Callahan